NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BANK OF AMERICA, N.A., Successor by Merger on behalf of BAC Home Loans Servicing, LP<br><br>Plaintiff-Appellant,<br><br>v.<br><br>AUBURN AND BRADFORD AT PROVIDENCE HOMEOWNERS' ASSOCIATION; et al.,<br><br>Defendants-Appellees. | No. 20-16743<br><br>D.C. No. 2:16-cv-02761-APG<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the District of Nevada, Las Vegas
Andrew P. Gordon, District Judge, Presiding

Submitted December 4, 2023<sup>**</sup>
San Francisco, California

Before: BRESS and JOHNSTONE, Circuit Judges, and EZRA,<sup>***</sup> District Judge.

Appellant Bank of America, N.A. ("BANA") appeals the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

dismissal of its claims against Auburn and Bradford at Providence Homeowners' Association ("Auburn") under Federal Rules of Civil Procedure 12(b)(6) and 56(a) and Vern Elmer under Rule 56(a). BANA also seeks review of the district court's order denying it summary judgement, arguing that its tendered payment was delivered to Auburn, which satisfied its superpriority lien and voided the HOA sale.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the district court's dismissal of Appellant's complaint for failure to state a claim under Rule 12(b)(6) de novo. *Prodanova v. H.C. Wainwright & Co.*, 993 F.3d 1097, 1105 (9th Cir. 2021) (citing *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1035 (9th Cir. 2002)). We likewise review the district court's grant of summary judgement de novo. *Citicorp Real Est., Inc. v. Smith*, 155 F.3d 1097, 1103 (9th Cir. 1998). For the reasons stated below, we **VACATE** the district court's decision that BANA's quiet title action is time-barred and **REMAND** for the district court to consider the timeliness of BANA's claim under *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 503 P.3d 299 (Nev. 2022), a decision that was issued after the district court ruled in this case.

Under Nevada law, a claim for declaratory relief is bound by Nevada's four-year catch-all statute of limitations. Nev. Rev. Stat. § 11.220; *see Thunder Props.*, 503 P.3d at 302. Although the statute does not specify when a specific cause of

2

action begins to accrue, the Nevada Supreme Court has held that the statute of limitations for a quiet title action based on a nonjudicial foreclosure sale does not begin on the date of the foreclosure sale. *Id.* at 307.

According to *Thunder Properties*, "something more" than a notice of adverse claim is needed to extinguish an existing lien. *Id.* at 307. "Something more" requires an affirmative action akin to notice of disturbed possession, rather than notification of an adverse claim. *Id.* Considering the facts in the record, the only evidence of an act that could have extinguished BANA's lien is the foreclosure sale and filing of the foreclosure deed. Under *Thunder Properties*, neither of these acts constitute the requisite "something more." *See id.* at 306; *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 509 P.3d 605 (Nev. 2022) (unpublished table decision). However, we do not reach whether it is possible that Elmer and Auburn may be able to show "something more" sufficient to satisfy *Thunder Properties* on remand.

It was an error to rely solely on the HOA foreclosure sale to determine that BANA's claims were time-barred. As the district court did not have the opportunity to consider *Thunder Properties*' affirmative action requirement, remand is appropriate.

**VACATED and REMANDED. Each party shall bear its own taxable costs.**

3